UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-20274-CIV- GOODMAN

[CONSENT CASE]

JOSE ANTONIO CARBALLO,
et al.,

    Plaintiffs,

v.

INTERCITY DISPOSAL CORP,
et al.,

    Defendant.
_____/

## ORDER APPROVING FLSA SETTLEMENT

This matter is before the Court following a fairness hearing held on January 6, 2012, during which the Court heard from defense counsel and from the two remaining plaintiffs, who are *pro se* and communicated to the Court through a translator, regarding the fairness of the settlement of the plaintiffs' claims alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages. The Court has reviewed the parties' settlement agreement filed on connection with their Joint Motion to Approve Settlement (DE 70) and is otherwise fully advised in the premises.

In general, the minimum wage and overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the

Secretary of Labor <u>or</u> (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing its fairness. *Lynn's Food Stores*, 679 F.2d at 1354.

The Court reviewed the terms of the settlement and heard from the parties on the above subjects. The Court considered the factors outlined in *Lynn's Food Stores*, including the strength of the parties' cases, the anticipated costs of a further litigation, the factual positions of the parties, the existence (or lack thereof) of documents supporting or corroborating the parties' claims and the defendant's defenses, and the parties' desire to expeditiously resolve this dispute.

In particular to the facts of this case, the Court found that the relatively small settlement was fair in view of the weakness of the plaintiff's case. The Court therefore finds that the settlement here represents a genuine compromise of a bona fide dispute. The plaintiffs have accepted less money than they originally claimed based on reasonable strategic considerations while the defendants, who have denied liability, have agreed to pay the plaintiff'more than they believe the plaintiffs are due under the law. Accordingly, both sides have agreed to settle as a result of reasonable strategic and financial considerations.

Therefore, the Court finds that the settlement here occurred in an adversarial context and that there are genuine issues in dispute. The Court further finds that the settlement reached by

2

the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, it is

**ORDERED** and **ADJUDGED** that the parties' settlement agreement is fair and reasonable, the parties' joint motion for approval of settlement is **GRANTED**, the settlement is **APPROVED** and this action is **DISMISSED WITH PREJUDICE**. The Court reserves jurisdiction for ninety (90) days to enforce the terms of the parties' settlement. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, January 9, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Counsel of Record

Jose Rodriguez
571 NW 65 Street
Hialeah, FL 33012
**PRO SE**

Cecilio Leal
4537 NW 156 Street
Miami Gardens, FL 33054
**PRO SE**